UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JORGE A. LOPEZ
and other similarly situated individuals,

    Plaintiff(s),

v.

JAPAN INN DORAL, LLC

    Defendant,

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, JORGE A. LOPEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant JAPAN INN DORAL, LLC, and alleges:

### JURISDICTION AND VENUES

1. This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1).

### PARTIES

2. Plaintiff JORGE A. LOPEZ is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Family Medical Leave Act FMLA.

3. Defendant JAPAN INN DORAL, LLC (hereinafter JAPAN INN DORAL, or Defendant) is a Florida corporation, having a place of business in Dade County, Florida. Defendant was engaged in interstate commerce.

4. Defendant was the employer of Plaintiff and others similarly situated within the meaning of the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), as amended.

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff JORGE A. LOPEZ is a 22-year-old qualified male, member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Plaintiff is a covered employee within the meaning of the FMLA.

7. Defendant JAPAN INN DORAL is a Japanese and Thai restaurant. Defendant JAPAN INN DORAL is engaged in an industry affecting commerce, which employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant is a covered employer within the meaning of the FMLA.

8. Defendant JAPAN INN DORAL employed Plaintiff JORGE A. LOPEZ from approximately December 05, 2019, to January 26, 2021, or 60 weeks.

9. Plaintiff was hired as a server, and he worked between 30 and 35 hours weekly. At the time of his termination, Plaintiff's wage rate was $10.00 an hour plus tips.

10. Plaintiff worked at JAPAN INN DORAL restaurant located at 1790 NW 107Th Avenue Miami, Florida 33172.

11. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

12. On or about January 03, 2021, Plaintiff felt sick, and he took a COVID-19 test that resulted positive. Plaintiff needed at least 2 weeks of medical leave to treat his serious health condition and comply with the mandatory State and Federal quarantine requirements.

13. On or about January 03, 2021, Plaintiff called General Manager Gladys (LNU) and informed her about his health condition and his need for 2 weeks of medical leave. Manager Gladys just answered: "Ok, keep me updated."

14. Plaintiff took two weeks of unprotected medical leave.

15. Defendant did not notify Plaintiff about his rights to take a protected leave under the provisions of the Family Medical Leave Act.

16. Immediately after Plaintiff informed her superiors about his health condition, Plaintiff's work schedule account was locked out.

17. On or about January 16, 2021, Plaintiff called Manager Gladys to inform her that he was ready to work. Manager Gladys requested Plaintiff his availability, and he answered. However, Manager Gladys did not reply to Plaintiff.

18. On or about 25, 202, Plaintiff went to the restaurant to speak to his superiors about his schedule and his need to work. Plaintiff talked to Managers Gladys, Soria, Douglas, and the chef Miguel LNU. Plaintiff stated that he was able and expecting to work. Manager Gladys told Plaintiff that they were discussing the issue and would let Plaintiff know.

19. On or about January 26, 2021, Plaintiff spoke to Manager Douglas, who stated that General Manager Gladys, Manager Soria, and Director of Operations Steven Lozada did not want Plaintiff back at work and that he was fired.

20. Defendant JAPAN INN DORAL fired Plaintiff when he was cleared to return to work. Plaintiff was unlawfully and retaliatory terminated by his employer.

21. Defendant JAPAN INN DORAL violated Plaintiff's protected rights under the Family Medical Leave Act 29 U.S.C. Section 2612 (a)(1) (FMLA), as amended, when it failed to inform Plaintiff that he was eligible to take a leave under the FMLA because of his qualifying medical condition.

22. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

23. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act (FMLA), as amended, and any other remedy, as allowable by law.

<u>**COUNT I:**</u>
<u>**VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993;**</u>
<u>**INTERFERENCE WITH FMLA RIGHTS**</u>

24. Plaintiff JORGE A. LOPEZ re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-23 above, as if set out in full herein.

25. This is an action against Defendant JAPAN INN DORAL for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

26. At all times relevant and material, Defendant JAPAN INN DORAL is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant was always engaged in interstate commerce and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

27. Plaintiff JORGE A. LOPEZ is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act (FMLA).

28. Defendant JAPAN INN DORAL employed Plaintiff JORGE A. LOPEZ from approximately December 05, 2019, to January 26, 2021, or 60 weeks.

29. Plaintiff was hired as a server, and he worked between 30 and 35 hours weekly. At the time of his termination, Plaintiff's wage rate was $10.00 an hour plus tips.

30. Plaintiff had worked for JAPAN INN DORAL for more than 1250 hours in the 12 months preceding his need for medical leave.

31. At all times material, Plaintiff was qualified to perform his job as a server within the legitimate expectations of his employer.

32. On or about January 03, 2021, Plaintiff was already feeling sick, and he took the test. Plaintiff tested positive for the COVID-19 virus, a qualifying condition under the FMLA.

33. Plaintiff needed a medical leave of 2 weeks to treat his qualifying medical condition and comply with the Federal and State mandatory requirements of a quarantine period.

34. On or about January 03, 2021, Plaintiff called General Manager Gladys (LNU) and informed her about his health condition and his need for 2 weeks of medical leave. Manager Gladys just answered: "Ok, keep me updated."

35. Plaintiff took two weeks of unprotected medical leave.

36. Defendant did not notify Plaintiff about his rights to take a protected leave under the provisions of the Family Medical Leave Act.

37. Defendant JAPAN INN DORAL violated Plaintiff's FMLA protections when it failed to inform Plaintiff that he was eligible to take protected leave under the FMLA. According to 29 CFR §825.300 (a)(1) and (b)(1), employers are required to inform employees when they meet the requirements to be eligible for FMLA. Defendant did not notify Plaintiff of his FMLA rights.

38. Plaintiff was expecting to get back to work after his quarantine period and upon medical clearance.

39. Instead, on or about January 26, 2021, Defendant terminated Plaintiff. Plaintiff JORGE A. LOPEZ was wrongfully terminated, and his rights under the provisions of the Family Medical Leave Act (FMLA) were violated.

40. Defendant JAPAN INN DORAL is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant interfered with Plaintiff's rights.

41. 29 U.S. CODE § 2615 states in pertinent part:

**a) Interference with rights**
**(1) Exercise of rights**
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
**(2) Discrimination**
It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

42. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing him from obtaining the benefits of FMLA to treat his condition, to obey Federal, State, and local quarantine orders, and then continuing his job in his original position or any equivalent position.

43. Defendant JAPAN INN DORAL willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

44. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of his job.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE A. LOPEZ respectfully requests that this Honorable Court will grant judgment:

A. Finding that JAPAN INN DORAL'S actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

B. Awarding Plaintiff JORGE A. LOPEZ payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff JORGE A. LOPEZ demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

46. Plaintiff JORGE A. LOPEZ re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-23 above, or the FMLA allegations, as if set out in full herein.

47. This is an action against corporate Defendant JAPAN INN DORAL for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654) (FMLA).

48. At all times relevant and material, Defendant JAPAN INN DORAL is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).  Defendant was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a

    75 miles radius of the facility where the Plaintiff worked.

49. Plaintiff JORGE A. LOPEZ is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

50. Defendant JAPAN INN DORAL employed Plaintiff JORGE A. LOPEZ from approximately December 05, 2019, to January 26, 2021, or 60 weeks.

51. Plaintiff was hired as a server, and he worked between 30 and 35 hours weekly. At the time of his termination, Plaintiff's wage rate was $10.00 an hour plus tips.

52. Plaintiff had worked for JAPAN INN DORAL for more than 1250 hours in the 12 months preceding his need for medical leave.

53. At all times material, Plaintiff was qualified to perform his job as a server within the legitimate expectations of his employer.

54. On or about January 03, 2021, Plaintiff was already feeling sick, and he took the test. Plaintiff tested positive for the COVID-19 virus, a qualifying condition under the FMLA.

55. Plaintiff needed a medical leave of 2 weeks to treat his qualifying medical condition and comply with the Federal and State mandatory requirements of a quarantine period.

56. On or about January 03, 2021, Plaintiff called General Manager Gladys (LNU) and informed her about his health condition and his need for 2 weeks of medical leave. Manager Gladys just answered: "Ok, keep me updated."

57. Plaintiff took two weeks of unprotected medical leave.

58. Defendant did not notify Plaintiff about his rights to take a protected leave under the provisions of the Family Medical Leave Act.

59. Plaintiff engaged in statutorily protected conduct by giving notice to his employer about his need for a protected FMLA leave.

60. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

61. There is a causal link between Plaintiff's need for an FMLA leave and the adverse action.

62. Plaintiff was wrongfully terminated from his employment in retaliation to his qualified position to exercise his rights under the Act, thereby adversely affecting Plaintiff.

63. Defendant JAPAN INN DORAL is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654) (FMLA). Defendant retaliated against Plaintiff, violating 29 U.S. CODE § 2615 and 29 C.F.R § 825.220, which states in pertinent part:

    § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

    **(a)** The FMLA prohibits interference with an employee's rights under the law and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

    **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

64. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing him from obtaining the benefits of FMLA leave and then continuing his job in his original position or any equivalent position.

65. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for his entitlement to exercise substantive rights under the Family Medical Leave Act.

66. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

67. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE A. LOPEZ respectfully requests that this Honorable Court will grant judgment:

A. Finding that JAPAN INN DORAL'S actions toward Plaintiff violate the Plaintiff's rights under the FMLA.

B. Awarding Plaintiff JORGE A. LOPEZ payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff JORGE A. LOPEZ demands trial by a jury of all issues triable as of right by a jury.

Dated:  June 1, 2021

        Respectfully submitted,

        By:  **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*